situated in Provincetown. A mortgage was prepared and signed by Silva and taken by him to Provincetown in order to get the signature of his wife. This mortgage was never delivered to the claimants. The note, above referred to, was finally paid by the libelant. The vessel, since the work was done, has been frequently within this territorial jurisdiction, and if the libelant had intended to assert his maritime lien he had abundant opportunity so to do.

### Conclusions of Law.

The decisive question in this case is whether the libelant, by accepting the two notes and the mortgage, waived his lien. This court has followed the state court in recognizing a rebuttable presumption that a note and mortgage extinguishes the indebtedness. The Yankton (D. C.) 7 F.(2d) 384. In this case the facts are not sufficient to rebut this presumption. In my opinion, the whole course of conduct of the libelant, from the time he took the note and mortgage down to the bringing of these proceedings, leads irresistibly to the conclusion that he had ceased to rely on the vessel but was looking wholly to the personal obligation of the owners.

Libel to be dismissed.

---

PATTERSON, District Judge.

The plaintiff is the owner of design patent 83080 and claims infringement. The defenses are the usual ones of invalidity and noninfringement. The patent covers a design for an ash tray. At one end there is a pedestal and on the pedestal is seated the figure of a nude girl with one leg outstretched over the tray and the other leg bent at the knee with the hands clapsed around it. The head is turned to the left and inclined downward. The general appearance of the defendants' ash tray is the same. The chief difference is that here the arms are not stretched forward so that the hands meet over the knee, but go down and somewhat behind the body; the hands resting on the pedestal and supporting the body in its inclined position.

In my opinion, the plaintiff's patent is void for want of invention. The use of figures to decorate an ash tray is not new, and there is nothing new in presenting a figure of a nude girl in a pose wholly natural. The fact that the exact pose may not have been used before does not indicate any exercise of the inventive faculty. Since the plaintiff's patent seems to me to be invalid, it is unnecessary to pass upon the issue of infringement.

The bill will be dismissed, with costs.

---

**FRANKART, Inc., v. APT NOVELTY CO., Inc., et al.**

District Court, S. D. New York.

Nov. 9, 1931.

Morris Kirschstein, of New York City, for plaintiff.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn, of New York City, of counsel), for defendants.

---

**HUDSON v. GEORGIA CASUALTY CO. et al.**

**No. 2082.**

District Court, W. D. Louisiana, Monroe Division.

Feb. 12, 1932.